Ms. Stacey Witherell Employee Services Manager Human Resources Department 501 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that a request has been presented to the City for certain employee records. The request specifically seeks the following records:
 • For the period January 1, 2000 through the present, all Personnel Status Change Forms for all persons serving in the positions of Lieutenant, Captain, Assistant Chief and Chief of Police reflecting a) promotion, demotion or transfer, or, b) any change in salary for any reason for any of those persons;
 • For the period January 1, 2002 through the present, any and all writings, documents or data compilations of any kind regarding, reflecting or pertaining to the employee benefit package afforded any person serving in the positions of Lieutenant, Captain, Assistant Chief and Chief of Police — By way of explanation, not limitation, this request is intended to encompass any internal memoranda or notes whatever by or between officials of your department and the individuals at issue regarding their benefit package, including retirement plans, medical coverage, salary, etc.
You have determined that these records should be released. I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of the requested records. Without having reviewed them, I cannot opine definitively concerning their release. Nevertheless, I will discuss the standards that govern the disclosability of records of this type.
First Request
Records such as Personnel Status Change Forms reflecting promotions, demotions, transfers, and changes in salary can be classified as either "personnel records" or "employee evaluation/job performance records," within the meaning of the FOIA. If these forms reflect nothing more than the change in position or the change in salary, and do not reflect the reason for the change or any other information concerning the employee's performance or lack of performance on the job, they should be classified as "personnel records," and should be released. Under the FOIA, "personnel records" can only be withheld from disclosure if their release would constitute a "clearly unwarranted invasion" of the employee's personal privacy. A.C.A. § 25-19-105(b)(12). My predecessors and I have consistently opined that salary records and records reflecting nothing more than a change in status are "personnel records" the release of which would not constitute a clearly unwarranted invasion of the employee's personal privacy. See Ops. Att'y Gen. Nos. 2001-144; 2000-267; 2000-203; 97-400.
The question is more difficult if these records reflect information about the employee's performance or lack of performance on the job. If the records do reflect such information, they would, in my opinion, constitute "performance evaluation/job performance records," within the meaning of the FOIA. See Ops. Att'y Gen. Nos. 2001-144; 2000-267; 2000-203; 97-400. Such records should not be released unless the following conditions have been met:
(1) The employee has been suspended or terminated;
 (2) There has been a final administrative resolution of the suspension or termination;
(3) The records formed a basis for the suspension or termination; and
(4) There is a compelling public interest in the records
A.C.A. § 25-19-105(c)(1).
It will therefore be necessary to review each of the requested records to determine whether they contain information that would make them employee evaluation/job performance records. If so, the records must be evaluated under the above standard.
Second Request
It is unclear whether this request is seeking general information about the benefit packages that are made available to all employees, or whether, in contrast, it is seeking the particular benefit packages that have been granted to specific employees. If the request is seeking general benefit information that is distributed to all employees, the records in question would, in my opinion, constitute public records that are not subject to any exemption from disclosure.
However, if the request is seeking specific information about the benefit packages that have been granted to specific employees, the records most likely constitute "personnel records," and their release must be subjected to the "clearly unwarranted" test discussed previously.
In determining whether the release of particular records would constitute a clearly unwarranted invasion of the employee's personal privacy, it is appropriate to balance the individual's interest in keeping the information private against the public's interest in the information.Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). My predecessors and I have taken the position that when this balancing test is applied to personal financial information concerning items such as insurance coverage and retirement benefits, the balance most often tips in favor of the individual's privacy interest in this information, and it should therefore be kept private. See, e.g., Ops. Att'y Gen. Nos. 2001-112; 2001-080; 99-016; 96-134; 95-110; 94-234; 93-235; 87-442; 87-042. In only one Attorney General opinion has the balance been found to tip in favor of the public's interest in such financial records. See Op. Att'y Gen. No. 97-331 (mayor's contributions to pension fund should be released to the public). This result is unusual, and absent factors indicating a heightened public interest in such personal financial information, these records should be withheld from disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General